1 | David S. Lin, State Bar No. 156110
2 | Maximilian Lee, State Bar No. 287597
**LAW OFFICES OF DAVID S. LIN**
Attorney at Law
3 | 80 S. Lake Ave., Suite 512
Pasadena, CA 91101
4 | Telephone:   626.792.9688
Facsimile:    626.792.9116

Attorney for Plaintiffs
CDA WEALTH CONSULTING, LLC, and
SHEIK "ABIDA" KHAN

FILED
CLERK, U.S. DISTRICT COURT
AUG 28 2013
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

UNITED STATES DISTRICT COUT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CDA WEALTH CONSULTING, LLC., a California Limited Liability Company, and SHEIK "ABIDA" KHAN, an individual;

Plaintiffs,

v.

GLOBAL ONE FINANCIAL, INC., a Georgia Corporation doing business in California; AMERICAN GENERAL LIFE INSURANCE CO., a Texas Corporation doing business in California; DOES 1-10, inclusive;

Defendants.

CASE NO: EDCV13-1555 DSF (DTBx)

**PLAINTIFFS CDA WEALTH CONSULTING, INC. AND SHEIK "ABIDA" KHAN'S COMPLAINT AGAINST DEFENDANTS GLOBAL ONE FINANCIAL, INC., AND AMERICAN GENERAL LIFE INSURANCE CO. FOR DAMAGES ARISING FROM:**

1. Breach of Contract
2. Negligent Misrepresentation
3. Intentional Misrepresentation
4. Fraud
5. Rescission of Contract
6. Unfair Competition in Violation of California Business & Professions Code §§ 17200, *et seq.*

COME NOW Plaintiffs CDA WEALTH CONSULTING, LLC., a California Limited Liability Company and SHEIK "ABIDA" KHAN, an individual, hereby allege their claims against Defendants GLOBAL ONE FINANCIAL, a Georgia Corporation doing business in the State of California, AMERICAN GENERAL

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

LIFE INSURANCE CO., a Texas Corporation doing business in the State of California, and DOES 1-100, inclusive, as follows:

## JURISDICTION & VENUE

1. This Court has federal diversity jurisdiction over this civil action seeking damages and rescission of contract under 28 U.S.C. § 1332 given that both Plaintiffs are residents of a different state, California, from Defendants GLOBAL ONE FINANCIAL, INC. and AMERICAN GENERAL LIFE INSURANCE CO., which are incorporated in the states of Georgia and Texas, respectively.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) given that a substantial part of the events or omissions on which the claim is based occurred in the Central District of California.

## PARTIES

3. Plaintiff CDA WEALTH CONSULTING, LLC ("Plaintiff CDA WEALTH") is, and was at all times relevant to this Action, a Nevada Limited Liability Company doing business in the County of San Diego.

4. Plaintiff SHEIK "ABIDA" KHAN ("Plaintiff KHAN") is, and was at all times relevant to this Action, an individual residing in the County of Riverside, State of California and was an equal business owner/partner/shareholder of the company, CDA WEALTH, together with CHET ADKINS.

5. Defendant GLOBAL ONE FINANCIAL, INC. ("Defendant GLOBAL ONE") is, and was at all times relevant to this Action, a Georgia Corporation doing business in the County of Los Angeles, State of California.

6. Defendant AMERICAN GENERAL LIFE INSURANCE CO. ("Defendant AMERICAN GENERAL") is, and was at all times relevant to this Action, a Texas Corporation doing business in the County of Los Angeles, State of California.

7. Plaintiffs CDA WEALTH and KHAN (collectively "Plaintiffs") are ignorant of the true names and capacities of the Defendants as sued in this

Complaint as DOES 1-100, inclusive, and therefore sue these Defendants by these fictitious names. Plaintiffs will amend this Complaint to allege such Defendants true names and capacities when the same have been ascertained. Plaintiffs are informed and believes, and based thereon alleges that, each of the fictitiously named Defendants is in some actionable manner legally responsible for the acts alleged herein.

8. Plaintiffs are informed and believe and on that basis allege, that at all times herein mentioned, all Defendants herein, whether named or fictitiously designated, were the agents, servants, employees, joint ventures, co-conspirators and/or the alter-egos of the remaining Defendants, and the acts that each of the Defendants were within the course and scope of their agency, service, employment, conspiracy, and with permission, consent, and ratification of each of the other Defendants.

## GENERAL ALLEGATIONS

9. Plaintiffs seek monetary damages from Defendants GLOBAL ONE, AMERICAN GENERAL, and DOES 1-100 (collectively "Defendants") based upon Defendants' breach of contract and misrepresentations made to Plaintiffs.

10. On or about December 16, 2010, ADKINS, as the President and CEO of Plaintiff CDA WEALTH, and Plaintiff KHAN assisted in applying for a Keyperson Equity Index UL Insurance Policy, for the benefit of Plaintiff CDA WEALTH, from Defendant AMERICAN GENERAL through a premium finance arrangement with Defendant GLOBAL ONE. As emphasized, ADKINS and KHAN both sought and were advised by GLOBAL ONE that they were applying for an Equity Index UL insurance policy for their company. As such, ADKINS as President of CDA signed the application documents for the subject Keyperson Equity Index UL Insurance Policy on behalf of Plaintiff CDA WEALTH in California.

11. Pursuant to this premium finance arrangement between ADKINS and Defendant GLOBAL ONE, ADKINS completed a loan application with Defendant

1  GLOBAL ONE for the loan amount of $250k. This loan from Defendant
2  GLOBAL ONE was closed on or about January 14, 2011.
3      12. At no time did either Defendant GLOBAL ONE or Defendant
4  AMERICAN GENERAL inform any of the Plaintiffs that the subject Keyperson
5  Life Insurance Policy was a modified endowment contract, despite the fact both
6  GLOBAL ONE and Defendant AMERICAN GENERAL knew this to be the case.
7      13. On or about February 17, 2011, Defendant AMERICAN GENERAL sent
8  Plaintiffs a life insurance policy sought by CDA WEALTH. This original copy of
9  the policy received by Plaintiffs did not have an amendment for a term life
10 insurance policy rider.
11     14. On or about February 12, 2012, ADKINS first discovered and noticed
12 that his Keyperson Life Insurance Policy provided by Defendant AMERICAN
13 GENERAL and obtained using the premium finance arrangement with Defendant
14 GLOBAL ONE was amended and altered into a term policy without his consent,
15 approval, or authority. Upon information and belief, sometime between February
16 17, 2011 and February 12, 2012, Defendant GLOBAL ONE had apparently
17 unilaterally and improperly amended the subject Keyperson Life Insurance Policy
18 from an Equity Index UL policy as Plaintiffs intended into a term life insurance
19 policy, which was never agreed to or consented to by Plaintiffs.
20     15. Instead, unbeknownst to Plaintiffs, the Keyperson Life Insurance Policy's
21 base amount had been changed to $12,338.00, with a 1.2 million term rider with an
22 annual premium of $50k and a five year index with zero return. These terms and
23 conditions and amounts to the policy issued were never agreed to by Plaintiffs, but
24 are believed to arise from illicit action taken by Defendants GLOBAL ONE and
25 wrongfully approved by Defendant AMERICAN GENERAL.
26     16. On or about January 7, 2013, Plaintiffs informed Defendant GLOBAL
27 ONE that CDA WEALTH sought to cancel the Keyperson Life Insurance Policy,
28 since it had been discovered to be a term policy rather than the Equity Index UL

-4-

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

insurance policy CDA had actually and originally applied for. Defendant GLOBAL ONE informed Plaintiffs instead that it was not possible for the subject insurance policy to be cancelled, and if it was cancelled there would be substantial penalties.

17. ADKINS and KHAN properly completed the forms necessary for a cash-surrender of the Keyperson Life Insurance Policy, which was surrendered on or about February 8, 2013. Defendant AMERICAN GENERAL then sent directly to ADKINS a check for $103,118.94.

18. Defendant AMERICAN GENERAL subsequently informed Plaintiffs that a mistake was made in the disbursement of the $103,118.94 to ADKINS and advised that Defendants AMERICAN GENERAL and GLOBAL ONE were in discussions about resolving this mistake. Plaintiffs informed AMERICAN GENERAL that ADKINS intended to pay the loan directly to the assignee of the loan, Wells Fargo, once all issued on this policy was finally resolved, including the tax penalty issue wrongfully assessed or the cash surrender of this policy.

19. Wells Fargo then advised Plaintiffs that the assignment of the loan to Wells Fargo terminated when the Keyperson Life Insurance Policy was terminated, and as a result, ADKINS was left with a Modified Endowment Contract, with its attendant negative tax consequences.

20. Given the various misrepresentations made by both Defendants AMERICAN GENERAL and GLOBAL ONE that the Keyperson Life Insurance Policy purchased by ADKINS and KHAN was an Equity Index UL insurance policy, when in fact, unbeknownst to Plaintiffs, it was improperly issued as a term life insurance policy, and their intentional concealment of those facts regarding the improper and unnatural issues of the Term Rider to the subject policy issued to Plaintiff CDA WEALTH CONSULTING, Plaintiffs are properly and legally entitled to seek and obtain recovery of the resultant damages arising from Defendants' negligence and/or intentional, purposeful and fraudulent

1  misrepresentations and material breach of the insurance contract believed to have
2  been contracted for, as well as for a proper rescission of the subject Keyperson Life
3  Insurance Policy issued and return of all past insurance premium paid relevant to
4  this matter. Plaintiffs are further entitled to additional monetary damages under the
5  applicable law.

6  21. All such monetary damages are in a total amount to be proven and
7  determined at time of Trial.

## FIRST CAUSE OF ACTION

**(Breach of Contract Against All Defendants)**

10  22. Plaintiffs hereby incorporates and re-alleges paragraphs 1 through 21 as
11  stated above, and incorporates them by reference as if fully set forth herein.

12  23. On or about December 16, 2010, ADKINS, who is the President and
13  CEO of Plaintiff CDA WEALTH, and Plaintiff KHAN, as a principal
14  owner/business partner/shareholder of CDA WEALTH applied for a Keyperson
15  Equity Index UL Insurance Policy, for the benefit of Plaintiff CDA WEALTH,
16  from Defendant AMERICAN GENERAL through a premium finance arrangement
17  with Defendant GLOBAL ONE. As emphasized, Plaintiffs sought and was advised
18  he was applying for an Equity Index UL insurance policy. ADKINS signed the
19  application documents for the subject Keyperson Equity Index UL Insurance Policy
20  on behalf of Plaintiff CDA WEALTH in California.

21  24. Pursuant to this premium finance arrangement between Plaintiffs and
22  Defendant GLOBAL ONE, Plaintiffs completed a loan application with Defendant
23  GLOBAL ONE for the loan amount of $250k. This loan from Defendant
24  GLOBAL ONE was closed on or about January 14, 2011.

25  25. On or about February 12, 2012, ADKINS and Plaintiff KHAN first
26  discovered and noticed that the Keyperson Life Insurance Policy provided by
27  Defendant AMERICAN GENERAL and obtained using the premium finance
28  arrangement with Defendant GLOBAL ONE was amended and altered into a term

-6-

policy without Plaintiffs' consent, approval, or authority. Upon information and belief, sometime between February 17, 2011 and February 12, 2012, Defendant GLOBAL ONE unilaterally and improperly amended the subject Keyperson Life Insurance Policy from an Equity Index UL policy as Plaintiffs intended into a term life insurance policy.

26. Furthermore, unbeknownst to Plaintiffs, the Keyperson Life Insurance Policy's base amount was changed to $12,338.00, with a 1.2 million term rider with an annual premium of $50k and a five year index with zero return.

27. On or about January 7, 2013, Plaintiffs informed Defendant GLOBAL ONE that Plaintiffs sought to cancel the Keyperson Life Insurance Policy, which was discovered to be a term policy rather than the Equity Index UL policy that Plaintiffs actually applied for. Defendant GLOBAL ONE informed Plaintiffs that it was not possible for the subject insurance policy to be cancelled, without penalties.

28. Plaintiffs properly completed the forms necessary for a cash-surrender of the Keyperson Life Insurance Policy, which was surrendered on or about February 8, 2013. Defendant AMERICAN GENERAL then sent to ADKINS a check for $103,118.94.

29. Defendant AMERICAN GENERAL subsequently informed Plaintiffs that a mistake was made in the disbursement of the $103,118.94 to ADKINS and advised that Defendants AMERICAN GENERAL and GLOBAL ONE were in discussions about resolving this mistake. Plaintiffs informed AMERICAN GENERAL that ADKINS intended to pay the loan directly to the assignee of the loan, Wells Fargo.

30. Wells Fargo then advised Plaintiffs that the assignment of the loan to Wells Fargo terminated when the Keyperson Life Insurance Policy was terminated, and as a result, Plaintiff ADKINS was left with a Modified Endowment Contract, with its attendant negative tax consequences. Plaintiffs have, thus, suffered significant monetary damages due to Defendants' breach of their respective

contracts with Plaintiffs in terms of the wrongful and unauthorized insertion of the Term Rider, which resulted in a Term policy, not Equity Index UL Policy, as was thought and believed to have been purchased by Plaintiffs to be issued in this matter.

31. As such, Defendant AMERICAN GENERAL and GLOBAL ONE have materially and wrongfully breached the contract with Plaintiffs by failing to provide Plaintiff's with the Equity Index UL insurance policy sought by Plaintiffs, and instead providing Plaintiffs' with a Modified Endowment Contract. Consequently, Plaintiffs are properly and legally entitled to seek and obtain monetary damages to recompense them for Defendants' breach of contract, including but not limited to any statutory penalties pertinent to the insurance regulations as regarding the violations committed by Defendants AMERICAN GENERAL and GLOBAL ONE arising from their illicit actions in this matter in a total amount to be proven and established at time of Trial of this case.

## SECOND CAUSE OF ACTION

**(Negligent Misrepresentation Against All Defendants)**

32. Plaintiffs hereby incorporates and re-alleges paragraphs 1 through 31 as stated above, and incorporates them by reference as if fully set forth herein.

33. As stated above, Defendant AMERICAN GENERAL and its agent Defendant GLOBAL ONE through its representatives, such as Jon Scaman, negligently misrepresented the material terms and conditions of the life insurance products it had sold to Plaintiffs.

34. Specifically, notwithstanding the fact that the Keyperson Life Insurance Policy contained a term policy unbeknownst to Plaintiffs, from December 2010 through February 2012, Defendants AMERICAN GENERAL and Defendant GLOBAL ONE, through its representative Jon Scaman, expressly advised Plaintiffs that they had purchased an Equity Index UL insurance policy. Defendants had no proper basis for believing this statement was true, and negligently made these

-8-

PLAINTIFFS' COMPLAINT FOR DAMAGES

statements to Plaintiffs to induce them into purchasing the Keyperson Life Insurance Policy from Defendant AMERICAN GENERAL and entering into the premium financing arrangement with Defendant GLOBAL ONE.

35. Plaintiffs reasonably relied upon the misrepresentations negligently made by Defendant AMERICAN GENERAL and Defendant GLOBAL ONE, through its representative Jon Scaman, to their severe financial detriment and harm. In this, Plaintiffs were forced to pay premiums on the Keyperson Life Insurance Policy, notwithstanding the fact that that policy had been amended and altered with a term rider by Defendant GLOBAL ONE without the approval or knowledge of Plaintiffs.

36. On or about February 12, 2012, Plaintiffs first discovered and noticed that his Keyperson Life Insurance Policy provided by Defendant AMERICAN GENERAL and obtained using the premium finance arrangement with Defendant GLOBAL ONE was improperly amended and wrongfully altered into a term policy without his consent, approval, or authority. Upon information and belief, sometime between February 17, 2011 and February 12, 2012, Defendant GLOBAL had unilaterally and improperly amended the subject Keyperson Life Insurance Policy from an Equity Index UL policy as Plaintiffs intended into a term life insurance policy.

37. Furthermore, unbeknownst to Plaintiffs, the Keyperson Life Insurance Policy's base amount was changed to $12,338.00, with a 1.2 million term rider with an annual premium of $50k and a five year index with zero return.

38. Thereafter, Plaintiffs attempted to obtain clarification from both Defendants GLOBAL ONE and AMERICAN GENERAL on this issue and requested an audit to be performed around the early 2012 time period but instead got the runaround and total lack of any adequate explanations received from Defendants in terms of this issue and what could be done to fix or remedy this problem.

PLAINTIFFS' COMPLAINT FOR DAMAGES

39. On or about January 7, 2013, Plaintiffs informed Defendant GLOBAL ONE that Plaintiffs sought to cancel the Keyperson Life Insurance Policy, which was discovered to be a term policy rather than the Equity Index UL policy that Plaintiffs actually applied and paid for. Defendant GLOBAL ONE informed Plaintiffs that it was not possible for the subject insurance policy to be cancelled, without penalties.

40. Plaintiffs properly completed the forms necessary for a cash-surrender of the Keyperson Life Insurance Policy, which was surrendered on or about February 8, 2013. Defendant AMERICAN GENERAL then sent to ADKINS a check for $103,118.94.

41. Defendant AMERICAN GENERAL subsequently informed Plaintiffs that a mistake was made in the disbursement of the $103,118.94 to Plaintiff ADKINS and advised that Defendants AMERICAN GENERAL and GLOBAL ONE were in discussions about resolving this mistake. Plaintiffs informed AMERICAN GENERAL that Plaintiffs intended to pay the loan directly to the assignee of the loan, Wells Fargo.

42. Wells Fargo then advised Plaintiffs that the assignment of the loan to Wells Fargo terminated when the Keyperson Life Insurance Policy was terminated, and as a result, Plaintiffs were left with a Modified Endowment Contract, with its attendant negative tax consequences.

43. Given the various misrepresentations made by both Defendant AMERICAN GENERAL and GLOBAL ONE that the Keyperson Life Insurance Policy purchased by Plaintiffs was an Equity Index UL insurance policy, when in fact, unbeknownst to Plaintiffs, it was a term life insurance policy, and their intentional concealment of the fact that the insurance policy was a Modified Endowment Contract, Plaintiffs are properly and legally entitled to seek and obtain monetary damages against Defendants arising from these negligently made

misrepresentations relevant to the subject policy issued in this matter in a total amount to be proven and determined at time of Trial.

### THIRD CAUSE OF ACTION

**(Intentional Misrepresentation Against All Defendants)**

44. Plaintiffs hereby incorporates and re-alleges paragraphs 1 through 31 as stated above, and incorporates them by reference as if fully set forth herein

45. As stated above, Defendant AMERICAN GENERAL and its agent Defendant GLOBAL ONE through its representatives, such as Jon Scaman, intentionally, consciously, purposefully misrepresented the material terms and conditions of the life insurance products it had sold to Plaintiffs.

46. Specifically, notwithstanding the fact that the Keyperson Life Insurance Policy contained a term policy unbeknownst to Plaintiffs, from December 2010 through February 2012, Defendants AMERICAN GENERAL and Defendant GLOBAL ONE, through its representative Jon Scaman, expressly advised Plaintiffs that they had purchased an Equity Index UL insurance policy. Defendants knew this statement was false, and intentionally, purposefully, and maliciously made these untrue statements to Plaintiffs to induce them into purchasing the Keyperson Life Insurance Policy from Defendant AMERICAN GENERAL and entering into the premium financing arrangement with Defendant GLOBAL ONE.

47. Plaintiffs reasonably relied upon the misrepresentations intentionally made by Defendant AMERICAN GENERAL and Defendant GLOBAL ONE, through its representative Jon Scaman, to their severe financial detriment and harm. In this, Plaintiffs were forced to pay premiums on the Keyperson Life Insurance Policy, notwithstanding the fact that that policy had been amended and altered with a term rider by Defendant GLOBAL ONE without the approval or knowledge of Plaintiffs.

48. On or about February 12, 2012, Plaintiffs first discovered and noticed that his Keyperson Life Insurance Policy provided by Defendant AMERICAN

-11-

PLAINTIFFS' COMPLAINT FOR DAMAGES

GENERAL and obtained using the premium finance arrangement with Defendant GLOBAL ONE was amended and altered into a term policy without his consent, approval, or authority. Upon information and belief, sometime between February 17, 2011 and February 12, 2012, Defendant GLOBAL unilaterally and improperly amended the subject Keyperson Life Insurance Policy from an Equity Index UL policy as Plaintiffs intended into a term life insurance policy.

49. Furthermore, unbeknownst to Plaintiffs, the Keyperson Life Insurance Policy's base amount was changed to $12,338.00, with a 1.2 million term rider with an annual premium of $50k and a five year index with zero return.

50. Thereafter, Plaintiffs attempted to obtain clarification from both Defendants GLOBAL ONE and AMERICAN GENERAL on this issue and requested an audit to be performed around the early 2012 time period but instead got the runaround and total lack of any adequate explanations received from Defendants in terms of this issue and what could be done to fix or remedy this problem.

51. On or about January 7, 2013, Plaintiffs informed Defendant GLOBAL ONE that Plaintiffs sought to cancel the Keyperson Life Insurance Policy, which was discovered to be a term policy rather than the Equity Index UL policy that Plaintiffs actually applied for. Defendant GLOBAL ONE informed Plaintiffs that it was not possible for the subject insurance policy to be cancelled.

52. Plaintiffs properly completed the forms necessary for a cash-surrender of the Keyperson Life Insurance Policy, which was surrendered on or about February 8, 2013. Defendant AMERICAN GENERAL then sent to ADKINS a check for $103,118.94.

53. Defendant AMERICAN GENERAL subsequently informed Plaintiffs that a mistake was made in the disbursement of the $103,118.94 to ADKINS and advised that Defendants AMERICAN GENERAL and GLOBAL ONE were in discussions about resolving this mistake. Plaintiffs informed AMERICAN

PLAINTIFFS' COMPLAINT FOR DAMAGES

1. GENERAL that ADKINS intended to pay the loan directly to the assignee of the loan, Wells Fargo.

54. Wells Fargo then advised Plaintiffs that the assignment of the loan to Wells Fargo terminated when the Keyperson Life Insurance Policy was terminated, and as a result, Plaintiffs were left with a Modified Endowment Contract, with its attendant negative tax consequences.

55. Given the various misrepresentations made by both Defendant AMERICAN GENERAL and GLOBAL ONE that the Keyperson Life Insurance Policy purchased by Plaintiffs was an Equity Index UL insurance policy, when in fact, unbeknownst to Plaintiffs, it was a term life insurance policy, and their intentional concealment of the fact that the insurance policy was a Modified Endowment Contract, Plaintiffs are properly and legally entitled to seek and obtain monetary damages, including punitive damages, for Defendants' intentionally and fraudulently made misrepresentations in a total amount to be proven and determined at time of Trial of this case.

## FOURTH CAUSE OF ACTION

### (Fraud Against All Defendants)

56. Plaintiffs hereby incorporates and re-alleges paragraphs 1 through 31 and 44 through 55 as stated above, and incorporates them by reference as if fully set forth herein.

57. As stated above, Defendant AMERICAN GENERAL and its agent Defendant GLOBAL ONE through its representatives, such as Jon Scaman, intentionally, purposefully, maliciously and fraudulently misrepresented the material terms and conditions of the life insurance products it had sold to Plaintiffs.

58. Specifically, notwithstanding the fact that the Keyperson Life Insurance Policy contained a term policy unbeknownst to Plaintiffs, from December 2010 through February 2012, Defendants AMERICAN GENERAL and Defendant GLOBAL ONE, through its representative Jon Scaman, expressly advised Plaintiffs

-13-

that they had purchased an Equity Index UL insurance policy. Defendants knew this statement was false, and intentionally, purposefully, maliciously and fraudulently made these untrue statements to Plaintiffs to induce them into purchasing the Keyperson Life Insurance Policy from Defendant AMERICAN GENERAL and entering into the premium financing arrangement with Defendant GLOBAL ONE.

59. Plaintiffs reasonably relied upon the misrepresentations intentionally and falsely made by Defendant AMERICAN GENERAL and Defendant GLOBAL ONE, through its representative Jon Scaman, to their severe financial detriment and harm. In this, Plaintiffs were forced to pay premiums on the Keyperson Life Insurance Policy, notwithstanding the fact that that policy had been amended and altered with a term rider by Defendant GLOBAL ONE without the approval or knowledge of Plaintiffs.

60. On or about February 12, 2012, Plaintiffs first discovered and noticed that his Keyperson Life Insurance Policy provided by Defendant AMERICAN GENERAL and obtained using the premium finance arrangement with Defendant GLOBAL ONE was amended and altered into a term policy without his consent, approval, or authority. Upon information and belief, sometime between February 17, 2011 and February 12, 2012, Defendant GLOBAL unilaterally and improperly amended the subject Keyperson Life Insurance Policy from an Equity Index UL policy as Plaintiffs intended into a term life insurance policy.

61. Furthermore, unbeknownst to Plaintiffs, the Keyperson Life Insurance Policy's base amount was changed to $12,338.00, with a 1.2 million term rider with an annual premium of $50k and a five year index with zero return.

62. Thereafter, Plaintiffs attempted to obtain clarification from both Defendants GLOBAL ONE and AMERICAN GENERAL on this issue and requested an audit to be performed around the early 2012 time period but instead got the runaround and total lack of any adequate explanations received from

Defendants in terms of this issue and what could be done to fix or remedy this problem.

63. On or about January 7, 2013, Plaintiffs informed Defendant GLOBAL ONE that Plaintiff ADKINS sought to cancel the Keyperson Life Insurance Policy, which was discovered to be a term policy rather than the Equity Index UL policy that Plaintiffs actually applied for. Defendant GLOBAL ONE informed Plaintiffs that it was not possible for the subject insurance policy to be cancelled.

64. Plaintiffs properly completed the forms necessary for a cash-surrender of the Keyperson Life Insurance Policy, which was surrendered on or about February 8, 2013. Defendant AMERICAN GENERAL then sent to ADKINS a check for $103,118.94.

65. Defendant AMERICAN GENERAL subsequently informed Plaintiffs that a mistake was made in the disbursement of the $103,118.94 to ADKINS and advised that Defendants AMERICAN GENERAL and GLOBAL ONE were in discussions about resolving this mistake. Plaintiffs informed AMERICAN GENERAL that Plaintiffs intended to pay the loan directly to the assignee of the loan, Wells Fargo.

66. Wells Fargo then advised Plaintiffs that the assignment of the loan to Wells Fargo terminated when the Keyperson Life Insurance Policy was terminated, and as a result, Plaintiffs were left with a Modified Endowment Contract, with its attendant negative tax consequences.

67. Given the various misrepresentations made by both Defendant AMERICAN GENERAL and GLOBAL ONE that the Keyperson Life Insurance Policy purchased by Plaintiffs was an Equity Index UL insurance policy, when in fact, unbeknownst to Plaintiffs, it was a term life insurance policy, and their intentional concealment of the fact that the insurance policy was a Modified Endowment Contract, Plaintiffs are properly and legally entitled to seek and obtain monetary damages, including an award for punitive damages arising from

1 Defendants' intentional, malicious, purposeful and fraudulent misrepresentations
2 pertinent to this matter in a total amount to be proven and determined at time of
3 Trial of this case.

## FIFTH CAUSE OF ACTION
### (Rescission of Contract Against All Defendants)

68. Plaintiffs hereby incorporates and re-alleges paragraphs 1 through 67 as stated above, and incorporates them by reference as if fully set forth herein

69. As emphasized, Plaintiffs specifically sought to purchase a Keyperson Equity Index UL Insurance Policy for the benefit of Plaintiff CDA WEALTH. Furthermore, at the time Plaintiffs purchased the subject life insurance policy, Defendants AMERICAN GENERAL and GLOBAL ONE expressly advised Plaintiffs that the Keyperson Life Insurance Policy purchased was an Equity Index UL policy.

70. Unbeknownst to Plaintiffs, upon information and belief, sometime between February 17, 2011 and February 12, 2012, Defendant GLOBAL unilaterally and improperly amended the subject Keyperson Life Insurance Policy from an Equity Index UL policy as Plaintiffs intended into a term life insurance policy. Plaintiffs had not agreed to this material modification and deviation of the basic terms and conditions of the Keyperson Life Insurance Policy.

71. Plaintiffs have, thus, been deprived the benefit of the bargain, namely the Keyperson Equity Index UL Insurance Policy which Plaintiffs had agreed to and believed that they had, in fact, purchased. This insurance policy should therefore be properly and legally rescinded in its entirety and all prior insurance premium payments made properly and fully reimbursed back to Plaintiffs.

72. Furthermore, given that the Keyperson Life Insurance Policy had been materially altered without Plaintiffs' consent or knowledge through a term rider by Defendant GLOBAL ONE, Plaintiffs no longer had any use for the premium financing arrangement between itself and Defendant GLOBAL ONE. As such, this

-16-